UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Ashland)

| | | |
|---|---|---|
| CHARLES W. DOUGLAS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 0:19-114-DCR |
| | ) | |
| v. | ) | |
| | ) | |
| GREENUP COUNTY, KY, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Charles W. Douglas is an inmate confined at the Christian County Jail in Hopkinsville, Kentucky. Proceeding without an attorney, Douglas has filed a civil rights action against prison officials at the Greenup County Detention Center ("GCDC") pursuant to 42 U.S.C. § 1983. [Record No. 1] The Court granted Douglas's motion to proceed without prepayment of the filing fee by separate Order. [Record No. 5]

The Court conducts a preliminary review of Douglas's Complaint because he has been granted permission to pay the filing fee in installments and because he asserts claims against government officials. 28 U.S.C. §§ 1915(e)(2), 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010). When testing the sufficiency of Douglas's Complaint, the Court affords it a forgiving construction, accepting as true all non-conclusory factual allegations and liberally construing its legal claims in the plaintiff's favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

The allegations of Douglas's Complaint are set forth in a rambling, confusing and disjointed manner, thus the nature of his claims (and against whom he asserts each) is difficult to understand. However, from what the undersigned is able to ascertain, Douglas seeks to bring claims against Defendants Mike Worthington (Jailer at the GCDC), Belinda Moore (a facility nurse at the GCDC), Lt. Richard Diamond (a Lieutenant at the GCDC), the Kentucky Correctional Medical Health Care Service Network, and Greenup County, Kentucky, based on allegations that he was denied medication for severe chronic depression and PTSD, as well as mental health services. Douglas also alleges that he was denied access to the courts based on his lack of access to a law library while he was housed at the GCDC.

Douglas's Complaint includes several attachments (labeled as separate "complaints"), in which he adds allegations that Lt. Diamond engaged in "retaliation tactics;" Douglas was housed with an inmate with a known propensity to violence, resulting in an altercation causing injury to his right arm; and that the "County or Jail or Jailer M. Worthington or medical staff employed by I.E. Nurse B. Moore … willfully violat[ed] the cleanliness of the jail while refusing to treat [Douglas] and 4 other individuals for scabies." [Record No. 1 at p. 9-10] He also alleges that he was denied the use of physical therapy equipment required to rehabilitate his arm and that he was transferred from the GCDC to the Christian County Detention Center without being treated for Hepatitis C.

As noted, the Court evaluates Douglas's Complaint under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). However, the principles requiring generous construction of *pro se* pleadings are not without limits. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Wilson v. Lexington Fayette Urban County Government*, No. 07-CV-

95-KSF, 2007 WL 1136743 (E.D. Ky. April 16, 2007). Although the Court has an obligation to liberally construe a complaint filed by a person proceeding without counsel, that obligation does not extend so far as to require or permit it to create arguments or claims that the plaintiff has not made. *Coleman v. Shoney's, Inc.*, 79 F. App'x 155, 157 (6th Cir. 2003) ("Pro se parties must still brief the issues advanced with some effort at developed argumentation."). Further, the Court is not required to create a claim for the plaintiff, nor to "conjure up unpled allegations." *Moorman v. Herrington*, No. CIV A 4:08-CV-P127-M, 2009 WL 2020669, at *1 (W.D. Ky. July 9, 2009)(citations omitted).

Having thoroughly reviewed Douglas's Complaint, the Court concludes that it must be dismissed. A complaint must set forth claims in a clear and concise manner, and must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Hill*, 630 F.3d at 470. *See also* Fed. R. Civ. P. 8. But Douglas's Complaint falls woefully short of these requirements, as it fails to contain "a short and plain statement of the claim showing that [he] is entitled to relief," nor does it include allegations that are "simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). Rather, the allegations of Douglas's Complaint are rambling and, at times, incoherent.

Nor does Douglas make any real effort to allege what any particular Defendant did to allegedly violate his constitutional and/or statutory rights. Federal notice pleading requires, at a minimum, that the complaint advise each defendant of what he allegedly did or did not do that forms the basis of the plaintiff's claim against him. *Iqbal*, 556 U.S. at 678; *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008). Otherwise, it is unduly burdensome (if not impossible) for any particular Defendant to meaningfully respond to the claims asserted against them. Thus, a "[p]laintiff must state a plausible constitutional violation against each

individual defendant—the collective acts of defendants cannot be ascribed to each individual defendant." *Reilly v. Vadlamudi*, 680 F.3d 617, 626 (6th Cir. 2012) (citations omitted). To be sure, "[e]ven a pro se prisoner must link his allegations to material facts … and indicate what each defendant did to violate his rights…" *Sampson v. Garrett*, 917 F.3d 880, 882 (6th Cir. 2019) (citing *Hill*, 630 F.3d at 471; *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)). Vague allegations that one or more of the defendants acted wrongfully or violated the plaintiff's constitutional rights are not sufficient. *Laster v. Pramstaller*, No. 08-CV-10898, 2008 WL 1901250, at *2 (E.D. Mich. April 25, 2008).

In contrast, Douglas's Complaint consists of conclusory allegations that his statutory and constitutional rights have been violated, without sufficient allegations of material facts describing what any particular defendant did or did not do to violate these rights. For example, although Douglas makes the conclusory allegation that his rights under the "A.D.A., R.A., P.L.R.A., and H.I.P.P.A." have been violated, he fails to offer any facts to support his claims that such violations occurred, much less attribute any alleged statutory violation to a particular Defendant.[1] Similarly, although Douglas claims that Lt. Diamond engaged in "retaliation tactics," he does not allege that Douglas engaged in protected conduct, a required element of a retaliation claim. *King v. Zamiara*, 680 F.3d 686, 694 (6th Cir. 2012). And in support of his claim of "deliberate indifference to serious mental and medical needs," he alleges only that

---

[1] In addition, the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub. L. No. 104-191, § 264, 110 Stat. 1936 (1996), does not authorize a private cause of action. *See Faber v. Ciox Health, LLC*, No. 18-5896, 2019 WL 6596501, at *1 (6th Cir. Dec. 5, 2019). Nor is a private cause of action authorized for a violation of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, an Act providing certain requirements for litigation filed by prisoners that was passed by Congress to reduce the large number of frivolous lawsuits filed in federal courts.

Defendants "operat[ed] w/ sufficiently culpable state of mind in acting and failed to act w/ deliberate indifference w/ intentional delay of medical assistance." [Record No. 1 at p. 2] However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Indeed, "[l]egal conclusions that are 'masquerading as factual allegations' will not suffice." *Heyne v. Metro. Nashville Pub. Sch.*, 655 F.3d 556, 563–64 (6th Cir. 2011) (quoting *Terry v. Tyson Farms, Inc.,* 604 F.3d 272, 276 (6th Cir.2010) (other citations omitted)). The lack of factual detail supporting Douglas's claims and vague nature of his allegations are sufficient reasons to dismiss his claims without prejudice for failure to adequately state a claim for relief. *See Iqbal*, 556 U.S. at 678; *Hill*, 630 F.3d at 470.

In addition, Douglas's attempt to impose liability on Worthington solely in his capacity as a supervisor fails. Under 42 U.S.C. § 1983, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." *Iqbal*, 556 U.S. at 676. Rather, for a supervisor to be held liable under § 1983, he or she must have personal involvement in the alleged unconstitutional conduct about which the plaintiff complains. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). The mere fact that a defendant acted in a supervisory capacity is not enough: *respondeat superior* (vicarious liability) is not an available theory of liability in a § 1983 action. *Polk County v. Dodson*, 454 U.S. 312, 325-26 (1981).

To the extent Douglas seeks to bring claims against Greenup County, a county government is only responsible under § 1983 when its employees cause injury by carrying out the county's formal policies or practices. *Monell v. Dept. of Social Services*, 436 U.S. 658,

694 (1978). Thus, a plaintiff must specify the county policy or custom which she alleges caused her injury. *Paige v. Coyner*, 614 F.3d 273, 284 (6th Cir. 2010). Here, Douglas claims that it is the custom and policy of Greenup County and jail faculty and staff "to inflict pain & anguish physical and emotional." [Record No. 1 at p. 2] However, this vague and implausible allegation is insufficient to allege an official policy or governmental custom sufficient to impose municipal liability. *Id.*; *Bright v. Gallia County, Ohio*, 753 F. 3d 639, 660 (6th Cir. 2014) ("To establish municipal liability pursuant to § 1983, a plaintiff must allege an unconstitutional action that 'implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers' or a 'constitutional deprivation [] visited pursuant to governmental custom even though such a custom has not received formal approval through the body's official decisionmaking channels.'"); *Brown v. Cuyahoga County, Ohio*, 517 F. App'x 431, 436 (6th Cir. 2013).

Likewise, Douglas's claim that he was denied access to the Courts appears to be based on a claim of lack of access to a law library during his state criminal case. [Record No. 1 at p. 3, 14; Record No. 9-1] However, Douglas states that he was represented by counsel in his state criminal proceedings (although he claims was not satisfied with his public defense attorney because he felt pressured to sign a plea agreement). [Record No. 9-1] The United States Court of Appeals for the Sixth Circuit has held that, where counsel is appointed to represent the prisoner plaintiff in his criminal action pending against him, as a matter of law, the state has fulfilled its constitutional obligation to provide him with full access to the courts. *Holt v. Pitts*, 702 F.2d 639, 640 (6th Cir. 1983).

Finally (and most critically), in addition to all of these pleading deficiencies, it is clear from the face of the Complaint that Douglas's claims are untimely. The Court may dismiss a

claim plainly barred by the applicable limitations period upon initial screening. *Jones v. Bock*, 549 U.S. 199, 215 (2007) ("If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim."); *Franklin v. Fisher*, 2017 WL 4404624, at *2 (6th Cir. 2017) ("The district court properly dismissed Franklin's complaint for failure to state a claim upon which relief may be granted because it is obvious from the face of her complaint that almost all of her claims are barred by the applicable statute of limitations."); *Castillo v. Grogan*, 52 F. App'x 750, 751 (6th Cir. 2002) ("When a meritorious affirmative defense based upon the applicable statute of limitations is obvious from the face of the complaint, sua sponte dismissal of the complaint as frivolous is appropriate.").

Kentucky's one-year statute of limitations, KRS § 413.140(1)(a), applies to civil rights claims asserted under 42 U.S.C. § 1983. *Hornback v. Lexington-Fayette Urban Co. Gov't.*, 543 F. App'x 499, 501 (6th Cir. 2013). A claim accrues when the plaintiff becomes aware of the injury which forms the basis for his claims. *Estate of Abdullah ex rel. Carswell v. Arena*, 601 F. App'x 389, 393-94 (6th Cir. 2015) ("Once the plaintiff knows he has been hurt and who has inflicted the injury, the claim accrues.") (internal quotation marks omitted) (citing *United States v. Kubrick*, 444 U.S. 111, 122 (1979)). Where the operative facts are not in dispute, the Court determines as a matter of law whether the statute of limitations has expired. *Highland Park Ass'n of Businesses & Enterprises v. Abramson*, 91 F.3d 143 (Table) (6th Cir. 1996) (citing *Hall v. Musgrave,* 517 F.2d 1163, 1164 (6th Cir.1975)). *See also Fox v. DeSoto*, 489 F.3d 227, 232 (6th Cir. 2007).

Douglas's Complaint affirmatively states that the events giving rise to it occurred from January 1 to May 4, 2018, when he was denied access to medical care, the law library, and

sustained an injury to his arm during an altercation with an inmate. [Record No. 1 at p. 3] He also later refers to an altercation that occurred on or around July 5, 2018. [Record No. 1 at p. 17] However, Douglas did not file this lawsuit until November 4, 2019, well after the expiration of the one-year statute of limitations. KRS. § 413.140(1)(a). Thus, even if the Court considered his claims to have accrued on the date of the last event alleged in his Complaint (the July 5, 2018 altercation, after which he certainly would have been aware of his injuries), his claims are untimely.[2]

Perhaps anticipating this obstacle, Douglas previously filed a motion requesting that the Court equitably toll the statute of limitations applicable to his claims. [Record No. 9] Equitable tolling permits a federal court "to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010). But application of equitable tolling in suits against the government should permitted only "sparingly, and not when there has only been a garden variety claim of excusable neglect." *Chomic v. United States*, 377 F.3d 607, 615 (6th Cir. 2004). Indeed, "[a]bsent compelling equitable considerations, a court should not extend limitations by even a single day." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000) (citation omitted)

---

[2] Even if Douglas had sufficiently alleged a claim for a violation of the Rehabilitation Act, 29 U.S.C. § 701 et seq ("RA") or the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.* ("ADA"), these claims would also be untimely, as claims under the RA and ADA are also governed by a one-year statute of limitations. *Southerland v. Hardaway Mgmt. Co.*, 41 F.3d 250, 253-54 (6th Cir. 1994) (RA claims); *Alja-Iz v. Ramsey*, No. 3: 14-CV-618-DJH, 2017 WL 6485803, at *7 (W.D. Ky. Sept. 13, 2017) (ADA claims).

The Sixth Circuit has identified five factors for a court to consider when determining whether to equitably toll the statute of limitations:

> 1) lack of notice of the filing requirement; 2) lack of constructive knowledge of the filing requirement; 3) diligence in pursuing one's rights; 4) absence of prejudice to the defendant; and 5) the plaintiff's reasonableness is remaining ignorant of the particular legal requirement.

*Truitt v. Cnty. of Wayne*, 148 F. 3d 644, 648 (6th Cir. 1998). "The propriety of equitable tolling must necessarily be determined on a case-by-case basis." *Id*.

Douglas requests in his motion that the statute of limitations be tolled because he did not have access to a law library while he was incarcerated at the GCDC "[t]herefore limiting my access to constructive knowledge, and hindering my pursuit of my rights, which left [me] to be ignorant of the legal requirements for filing any claim." [Record No. 9] However, "allegations regarding insufficient library access, standing alone, do not warrant equitable tolling." *United States v. Stone*, 68 F. App'x 563, 565 (6th Cir. 2003). And "the lack of legal assistance, ignorance of the law or the frustrations of typical prison conditions that make prison-based litigation difficult, such as transfers, lack of access to copies and legal materials, do not constitute exceptional circumstances justifying equitable tolling." *Portman v. Wilson*, No. 10-CV-169-KSF, 2010 WL 4962922, at *2 (E.D. Ky. Dec. 1, 2010) (citations omitted).

Moreover, to the extent that Douglas claims ignorance of the legal requirements for filing a claim, "[i]t is well-settled that ignorance of the law alone is not sufficient to warrant equitable tolling," even in a case involving a *pro se* litigant. *Graham-Humphreys*, 209 F.3d at 561 (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)). Nor may Douglas be said to have been diligently pursuing his claims, as he previously filed another lawsuit in this Court on May 20, 2019 based on allegations of an altercation that occurred on April 1, 2018, while

Douglas was incarcerated at GCDC. *See Charles W. Douglas v. Greenup Co. Det. Facility*, 0:19-CV-044-HRW (E.D. Ky. 2019) (dismissed on August 21, 2019). Whatever circumstances he claims impeded his ability to pursue his claims in this lawsuit (including his lack of access to a law library while he was housed at GCDC) would have equally applied to the claims he pursued in his earlier-filed case, which also raised Eighth Amendment claims regarding his medical care. Yet he waited an additional five and a half months to file his Complaint in this case.

For these reasons, Douglas's Complaint will be dismissed on the Court's preliminary screening. 28 U.S.C. § 1915(e)(2). Although the pleading deficiencies would warrant dismissal without prejudice, because his claims are plainly barred by the applicable statute of limitations; therefore, his Complaint will be dismissed with prejudice.

Accordingly, it is hereby **ORDERED** as follows:

1. Douglas's complaint [Record No. 1] is **DISMISSED WITH PREJUDICE**.

2. Any pending requests for relief are **DENIED AS MOOT**.

3. This action is **STRICKEN** from the Court's docket.

Dated: December 12, 2019.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky